IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**KEVIN ANDREW COGBURN**                                                                       **PLAINTIFF**
**ADC #181168**

v.                                       Case No. 4:22-cv-01236-KGB

**WELLPATH,** *et al.*                                                                          **DEFENDANTS**

## ORDER

Before the Court is the Recommended Disposition submitted by United States Magistrate Judge Joe. J. Volpe (Dkt. No. 12). Plaintiff Kevin Andrew Cogburn has filed objections to the Recommended Disposition (Dkt. No. 13). After careful consideration of the Recommended Disposition, the objections, and a *de novo* review of the record, the Court concludes that the Recommended Disposition should be, and hereby is, approved and adopted in its entirety as this Court's finding in all respects (Dkt. No. 12).

The Court writes separately to address Mr. Cogburn's objections (Dkt. No. 13). In his objections, Mr. Cogburn states that he has only stated a "portion of the cruel things that he endured." (Dkt. No. 13). Even if what Mr. Cogburn states is true, Mr. Cogburn may not bring all of the claims he may have related to his incarceration in one lawsuit. Under the Federal Rules of Civil Procedure, a claimant may only join properly in one lawsuit claims that involve the same question of law or fact that is common to all defendants. Fed. R. Civ. P. 20(a)(2). Despite Mr. Cogburn's attempt to do so here, for the reasons stated in Judge Volpe's Recommended Disposition, Mr. Cogburn has failed to state a claim upon which relief can be granted among the properly joined claims.

Also in his objections, Mr. Cogburn asks for the Court to appoint counsel to prepare documents. A civil litigant does not have a constitutional or statutory right to appointed counsel;

however, the Court may appoint counsel at its discretion. 28 U.S.C. § 1915(e)(1); *see also Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006); *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). Based on the record before the Court, the Court does not believe either that any of Mr. Cogburn's claims were so complex as to require the assistance of counsel or that Mr. Cogburn was incapable of presenting his claims.

Upon a *de novo* review of the record, including the Recommended Disposition, the Court finds that Mr. Cogburn's objections break no new ground and fail to rebut Recommended Disposition. The Court agrees with the Recommended Disposition and adopts it as its findings in its entirety (Dkt. No. 12).

For these reasons, the Court dismisses without prejudice Mr. Cogburn's second amended complaint and orders the Clerk to close the case (Dkt. No. 11). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and accompanying Judgment would not be taken in good faith.

So ordered, this 11th day of June, 2025.

_____
Kristine G. Baker
Chief United States District Judge